# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LEVON MILLOW,

        Petitioner,      :      Case No. 1:20-cv-460

- vs -                            District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                      :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (ECF No. 25) of the Court's judgment dismissing the case with prejudice (ECF Nos. 21 and 22). District Judge Barrett had done so by adopting the Magistrate Judge's Report and Recommendations ("Report," ECF No. 19) when Petitioner filed no timely objections. Noting that Petitioner's Motion for Reconsideration had been filed within the thirty days after judgment allowed for a motion to amend a judgment under Fed.R.Civ.P. 59(e), the Magistrate Judge allowed Petitioner until March 18, 2021, to supplement his Motion for Reconsideration with any argument he would have made by way of objections to the Report (Order to Supplement, ECF No. 26). Petitioner has now done so ("Supplement," ECF No. 31) and the Motion for Reconsideration is thus ripe for decision.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law;

(2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), *quoting Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on a Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

The Report recommended dismissing the Petition as barred by the AEDPA statute of

2

limitations. Millow's effort to avoid that bar by showing his actual innocence was found wanting under the actual innocence "gateway" recognized by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Millow criticizes the Report for not considering and analyzing the "relevant" proper showing of 'actual innocence' that Petitioner did offer on pages 28-33 of his November 18, 2020 filed traverse, which qualified him for actual-innocence exception . . ." (Supplement, ECF No. 31, PageID 1902).

The docket shows that Respondent filed the Motion to Dismiss on October 28, 2020 (ECF No. 10) and served it on Petitioner by mail the same day (Certificate of Service, PageID 1788). Under S. D. Ohio Civ. R. 7.2, Millow's memorandum in opposition would have been due twenty-four days later on November 23, 2020. Petitioner must have received the Motion to Dismiss because on November 12, 2020, he sought and received an extension of time until November 30, 2020 (ECF Nos. 12 & 13).

Millow did not take the time he requested. On November 12, 2020, he filed a document he entitled "Petitioner's Traverse and Reply to Respondent's Answer/Return of Writ" (ECF No. 13). At that point in time, however, Respondent had not filed an Answer/Return of Writ. Although he discussed his evidence of actual innocence, he does not mention the statute of limitations issue.

On the same day, Petitioner filed[1] a document he entitled "Petitioner's Response to Respondent's Motion to Dismiss (ECF No. 14). Here he addressed the limitations issue, claiming his Petition was timely because (1) it was filed within one year of the denial of review by the Supreme Court of Ohio on his motion for new trial, and (2) he was actually innocent (ECF No. 14,

---

[1] The Certificates of Service on each of these documents asserts they were mailed November 12, 2020. Presumably the second document was delayed slightly in the mail. The filing date for documents from incarcerated persons is the date of deposit in the prison mail system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

3

PageID 1835).

The Report addressed Millow's claim that he filed within one year of the relevant Supreme Court of Ohio decision by noting that it is finality on direct review that counts under 28 U.S.C. § 2244(d)(1)(a) and that the statute is not restarted by filing a later motion for new trial (Report, ECF No. 19, PageID 1871).

The Report then focused on the actual innocence claim. *Id.* at PageID 1871-78. The Report noted that Millow had not presented new evidence of actual innocence to this Court in the first instance, but was relying on the evidence he had presented to the Court of Common Pleas of Hamilton County with his motion for new trial March 27, 2018. *Id.* at PageID 1873.

The Motion for Reconsideration complains that the Report did not discuss the evidence of actual innocence summarized on pages 28-33 (PageID 1823-28) of the Traverse. But that is the same evidence the Report did discuss, to wit, the supposed evidence of actual innocence presented to the Common Pleas Court and rejected by that Court and the First District Court of Appeals. The Report cited the summary of evidence given by the First District and did not expressly cross-reference the discussion of that evidence in the Traverse. But Petitioner's Motion for Reconsideration points to no evidence that was not considered and analyzed in the Report.

**Conclusion**

Petitioner's Motion for Reconsideration, taken as a motion to amend the judgment under Fed.R.Civ.P. 59(e) should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

March 29, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.