**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Levon Millow,

    Petitioner,

v.

Warden, London Correctional Institution,

    Respondent.

Case No. 1:20-cv-460

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Report and Recommendations on Petitioner's[1] Motion for Reconsideration (as supplemented)[2] issued by the Magistrate Judge on March 29, 2021. (Doc. 32). The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendations in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Petitioner filed timely objections. (Doc. 35).

## I.    GENERAL STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must

---

[1] Petitioner is an inmate in the custody of the Ohio Department of Rehabilitation and Correction and housed at London Correctional Institution ("LoCI"). *See* Ohio Department of Rehabilitation & Correction, Offender Details, located at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A394353 (last visited 02/23/2022). Jenny Hildebrand is the current Warden at LoCI. *See id.*, London Correctional Institution, located at https://drc.ohio.gov/loci (last visited 02/23/2022).

[2] (*See* Docs. 25, 26, 31.)

1

determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see* 28 U.S.C. § 636(b)(1). The Court has engaged in a de novo review, which is set forth below.

## II.     PROCEDURAL BACKGROUND

Levon Millow was convicted of three counts of rape (in violation of Ohio Rev. Code § 2907.02(A)(1)(b)) and one count of gross sexual imposition (in violation of Ohio Rev. Code § 2907.05(A)(1)). He was sentenced to three consecutive life terms on the rape charges and 18 months on the gross sexual imposition charge. Under 28 U.S.C. § 2244(d)(1), Millow was required to file a petition for a writ of habeas corpus in federal court on or before January 9, 2003. Instead, he did not file one until June 6, 2020, more than 17 years later. (*See* Doc. 1).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, Magistrate Judge Karen L. Litkovitz ordered Respondent Warden to file an answer conforming to the requirements of Rule 5[3] of said Rules. (Doc. 3). Respondent Warden complied and moved to dismiss the petition (Doc. 10) on the basis that Millow's claims were time-barred. Millow filed both a reply/traverse[4] (Doc. 13) as well as a response in opposition (Doc. 14) to Respondent Warden's motion to dismiss.

---

[3] "The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or **a statute of limitations**." Rule 5(b) of the Rules Governing § 2254 Cases (emphasis added).

[4] "The petitioner may file a **reply** to the respondent's answer or other pleading." Rule 5(e) of the Rules Governing § 2254 Cases (emphasis added). The term "traverse" reflects traditional habeas corpus practice, but "reply" is the proper title.

On January 19, 2021, Magistrate Judge Michael R. Merz[5] issued a Report and Recommendations with regard to Respondent Warden's motion to dismiss. (Doc. 19). Magistrate Judge Merz concluded that Millow had not satisfied the "actual innocence" exception to the statute of limitations set forth in 28 U.S.C. § 2244(d)(1); he therefore recommended that Respondent Warden's motion to dismiss be granted and Millow's petition be dismissed with prejudice as time-barred. (*Id*. PAGEID 1878). He also recommended that Millow be denied a certificate of appealability. (*Id.*). Millow was given written notice under Fed. R. Civ. P. 72(b) that he could file "specific written objections to the proposed findings and recommendations" within 14 days after being served. Millow was served by regular mail the same day. (01/19/2021 docket entry text). Fed. R. Civ. P. 5(b)(2)(C) provides that service is "complete upon mailing." But when a party is served by mail, "3 days are added" to the response period. Fed. R. Civ. P. 6(d). Thus, Millow had 17 days—or until February 5, 2021—to file objections.

The docket text that accompanied entry of the Magistrate Judge's January 19, 2021 Report and Recommendations, however, mistakenly stated that objections were due by February 2, 2021.[6] So, the next day, February 3, 2021, noting that no objections had been filed "and the time to do so has passed," the undersigned adopted Magistrate Judge Merz's January 19, 2021 Report and Recommendations, granted Respondent Warden's motion to dismiss, dismissed Millow's petition with prejudice, and denied Millow a certificate of appealability. (Doc. 21 PAGEID 1880–81). The Clerk entered judgment

---

[5] On January 5, 2021, Millow's petition was transferred to the docket of Magistrate Judge Merz to help balance the Magistrate Judge workload in the Southern District. (Doc. 16 & Doc. 19 PAGEID 1869).

[6] (*See* 01/19/2021 docket entry text ("Objections to R&R due by 2/2/2021.")).

the same day.  (Doc. 22).

Millow filed a motion for a 30-day extension of time to respond to the Magistrate Judge's January 19, 2021 Report and Recommendations on February 5, 2021,[7] the day objections actually were due based on the interplay between the federal rules.  (Doc. 23).  The Clerk docketed Millow's motion upon receipt on February 8, 2021.  (*Id.*).  In support of his motion, Millow stated that he did not receive a copy of the January 19, 2021 Report and Recommendations from the prison mailroom until February 3, 2021.  (*Id.* PAGEID 1883).  Magistrate Judge Merz promptly denied this motion as moot "because Judge Barrett has already dismissed the case."  (02/08/2021 Notation Order (Doc. 24)).

Millow next filed a motion for reconsideration of the undersigned's February 3, 2021 Order adopting the Magistrate Judge's January 19, 2021 Report and Recommendations on February 12, 2021, which the Clerk docketed upon receipt on February 16, 2021.  (Doc. 25).  He explained that even though the January 19, 2021 Report and Recommendations was mailed by the Clerk the same day, it was not received at the LoCI mailroom until February 2, 2021.  (*See id.* PAGEID 1886 (referencing "RECEIVED" stamp), 1887).  Noting that Millow filed his motion for reconsideration within the 28 days allowed for a motion to amend a judgment under Fed. R. Civ. P. 59(e),[8] in an Order dated February 16, 2021 Magistrate Judge Merz allowed Millow 30 days (or until March 18, 2021) to supplement his motion "with any argument he would have made by

---

[7] As noted by the Magistrate Judge, "[t]he filing date for documents from incarcerated persons is the date of deposit in the prison mail system."  (Doc. 32 PAGEID 1919 n.1 (citing *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002))).

[8] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

ways of objections to the [January 19, 2021] Report [and Recommendations]."  (Doc. 26 PAGEID 1891).

On February 19, 2021 (and presumably before he received Magistrate Judge Merz's February 16, 2021 Order to Supplement (Doc. 26)), Millow filed a motion for a certificate of appealability (Doc. 27) and a notice of appeal to the Sixth Circuit (Doc. 28).[9]  Then, on March 15, 2021, he filed a supplemental motion for reconsideration, in which he specifically referenced the February 16, 2021 Order to Supplement (Doc. 26).  (Doc. 31 at PAGEID 1901).  Magistrate Judge Merz issued his Report and Recommendations on the Motion for Reconsideration (as supplemented) on March 29, 2021.  (Doc. 32).[10]  Millow's timely objections followed on April 16, 2021.  (Doc. 35).[11]

### III.    DISCUSSION

The undersigned adopted the Magistrate Judge's January 19, 2021 Report and Recommendations (and closed and terminated Millow's habeas proceeding from the active docket of the Court) on the mistaken belief that Millow had filed no objections and the time to do so had passed.  But the time to object—or to request an extension of time to object—had *not* yet passed.  As noted, by virtue of the prison mailbox rule, Millow timely requested (on February 5, 2021) a 30-day extension to file his objections.  The

---

[9] The Sixth Circuit docketed the appeal (as Case No. 21-3175), but indicated it would be "held in abeyance until after the district court rules on pending motions, identified under Fed. R. App. P. 4(a)(4), and jurisdiction transfers[.]"  (Doc. 30).  A motion to alter or amend the judgment under Rule 59 is one type of motion identified in the rule.  *See* Fed. R. App. P. 4(a)(4)(A)(iv).

[10] The docket text that accompanied entry of the Magistrate Judge's March 29, 2021 Report and Recommendations also listed an incorrect deadline for objections (April <u>12</u>, 2021 rather than April 15, 2021).  (*See* 03/29/2021 docket entry text).  Fortunately, no confusion ensued because Millow sought (Doc. 33) and received (04/02/2021 Notation Order (Doc. 34)) an extension of time (until May 1, 2021) to file his objections.

[11] *See supra* note 7.

Court routinely grants these requests, particularly when, as here, it is a first request and the number of days requested is not unreasonable.

Millow played no role in the Court's error that prematurely closed his habeas proceeding.  To remedy this error—and to allow Millow to file objections in the ordinary course rather than as grounds for a Rule 59(e) motion to alter or amend a judgment—the Court will GRANT in part Millow's motion for reconsideration (Doc. 25) such that it will reopen the case and rescind (but not *reverse*) its February 3, 2021 Order adopting the Magistrate Judge's January 19, 2021 Report and Recommendations.  Millow will have 30 days from the date he is served with this Order to file objections to the Magistrate Judge's January 19, 2021 Report and Recommendations (Doc. 19).  The Court's partial grant of Millow's motion for reconsideration (Doc. 25) is not a ruling on the merits of his habeas petition.  Rather, it will allow Millow the opportunity to object to the Magistrate Judge's January 19, 2021 Report and Recommendations (Doc. 19) as permitted under the interplay of the federal rules of civil procedure.  Accordingly:

1. Petitioner's motion for reconsideration (Doc. 25) is **GRANTED in part**.  The Clerk shall **REOPEN** the case and the Court's February 3, 2021 Order (Doc. 21) is hereby **RESCINDED**.

2. Petitioner's supplemental motion for reconsideration (Doc. 31) is **DENIED as moot**.  Petitioner shall refile this memorandum as objections to the Magistrate Judge's January 19, 2021 Report and Recommendations (Doc. 19) on or before **March 31, 2022**.

3. The Magistrate Judge's March 29, 2021 Report and Recommendations (Doc. 32) on Petitioner's Motion for Reconsideration (as supplemented) is **REJECTED as moot**.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court