**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

LEVON MILLOW,

           Petitioner,      :      Case No. 1:20-cv-460

  - vs -                              District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                       :
           Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

      This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 39) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 19). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 41).

      The Report recommended granting Respondent's Motion to Dismiss the Petition as barred by the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), 28 U.S.C. § 2244(d).

      Millow is serving three consecutive life sentences for rape of a child under thirteen. The Report concluded the convictions became final on direct appeal January 8, 2002, and the one-year statute of limitations expired one year later (ECF No. 19, PageID 1871). Because his Petition was not filed until June 6, 2020, more than seventeen years later, it was time-barred. *Id.*

      In opposing the Motion to Dismiss, Millow made two arguments. First he noted his Petition has been filed within one year of denial of a new trial by the Supreme Court of Ohio. The

Report found this argument unavailing because § 2244(d) applies to time on direct appeal and is not restarted by filing a collateral attack (ECF No. 19, PageID 1871).

Millow principally argued his tardiness was excused by his actual innocence, relying on *McQuiggin v. Perkins*, 569 U.S. 383 (2013). He did not present any new evidence of actual innocence to this Court, but relied on the evidence he had presented to the state courts in support of his request for a new trial. That evidence was evaluated by the First District Court of Appeals on appeal from denial of his 2018 motion for new trial. *State v. Millow*, 2019-Ohio-1751 (Ohio App. 1st Dist. May 8, 2019). The First District noted that Millow relied on birth records for his youngest daughter which were presented with his 2007 motion for new trial and showed she had been discharged from the hospital on July 9, 1999, at 2:47 p.m. In his renewed motion for new trial in 2018, he also presented an Affidavit of his nephew averring that he was with Millow and the victim on July 9, 1999, at the relevant time when the first assault was alleged to have occurred and he witnesses "no visible signs of inappropriate conduct."

The First District concluded the Affidavit did not justify a new trial:

> We think it is fair to say that Mr. Millow was aware of his youngest daughter's 1999 birth at the time of trial. With that knowledge, he should have appreciated the significance of the phrase "sisters" at the time of trial [footnote omitted]and could have sought to offer exculpatory evidence either at the time or within the windows provided by Crim.R. 33. There is no reason why this evidence could not have been presented earlier—indeed, Mr. Millow already tried once before to present evidence about the timing of his youngest daughter's birth. Nor does he convincingly explain why he could not have presented evidence by his nephew (or others present on July 9) prior to now. And even if we could excuse the 17-year delay in tracking down the nephew, his testimony does not absolve Mr. Millow of anything. At best, he provides that during a few-hour window, the nephew did not observe anything amiss.

*State v. Millow*, 2019-Ohio-1751, ¶ 10.

The Report noted the First District was deciding whether Millow had justified a new trial,

2

whereas this Court must decide whether he has established his actual innocence. These are different questions and the First District's decision is not a decision on a constitutional question to which this Court must defer under 28 U.S.C. § 2254(d)(1). However, its factual decisions are entitled to a presumption of correctness under 28 U.S.C. § 22454(e) which can be overcome only by clear and convincing evidence. The Report found Millow's attempted refutation unpersuasive (ECF No. 19, PageID 1875-76).

Millow objects that "[t]he Magistrate judge['s] failure to take all the evidence into account when considering whether petitioner's new evidence satisf[ies] the actual-innocence exception was clear error and contrary to law." (Objections, ECF No. 19, PageID 1950). He then identifies four pieces of supposedly new evidence which he says must be considered and cites the places in the Traverse where they are referred to, "First New Evidence" at pp. 21-22 and "Second," "Third," and "Fourth" New Evidence at pp. 28-33.

Virtually all of the evidentiary references on those pages of the Traverse are to evidence that was before the jury; the only two pieces of evidence identified by Millow as not before the jury are the hospital record showing the date and time of discharge on July 9, 1999, of the youngest sister and the years-later Affidavit of Gregory Millow discussed above.

Evidence already presented at trial does not constitute "new" evidence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324, *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). New exculpatory evidence is required. *Ross v. Berghuis,* 417 F.3d 552, 555 (6th Cir. 2005). Of course the new evidence must be considered with the evidence the jury already considered to determine if no rational juror would vote to convict. But

3

the hospital record, although new, does not come within the *Schlup* definition oif what relevant new evidence must prove.. And for the reasons given by the First District Court of Appeals, the Gregory Millow Affidavit is not a probative reliable eyewitness account; at most it proves what Gregory Millow did not see; it is very late and relates to a chaotic situation: emergency evacuaton of the prior residence in light of a kitchen fire.

Millow also objects that the Magistrate Judge found he did not exercise due diligence in discovering his nephew Gregory's evidence (Objections, ECF No. 39, PageID 1953). The Report does not include such a finding. Instead the Report concluded Millow had not rebutted the First District's finding of lack of due diligence by clear and convincing evidence (Report, ECF No. 19, PageID 1877). It is correct that Millow had presented the self-serving Affidavit of Gregory Millow about why he had ignored Petitioner's requests for a substantive affidavit for seventeen years, but absolutely no corroborative proof was provided.

At the very end of his Objections, Millow adds: "The Petitioner also assert that his state court convictions are not supported by constitutionally adequate evidence requiring this Court to issue the Writ." This is essentially Millow's First Ground for Relief, but the Court is barred from reaching the merits by the statute of limitations.

**Conclusion**

Having reconsidered the Report in light of Petitioner's Objections, the Magistrate Judge adheres to his prior position: merits consideration of the Petition is barred by the statute of limitations. On that basis, the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a

certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

September 30, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

\#