# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LEVON MILLOW,

    Petitioner,  : Case No. 1:20-cv-460

 - vs -       District Judge Michael R. Barrett
            Magistrate Judge Michael R. Merz

WARDEN, London
 Correctional Institution,

            :
    Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR SUMMARY JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Summary Judgment (ECF No. 46).

As Petitioner notes, this case is pending before Judge Barrett on Petitioner's Objections (ECF Nos. 39 & 45) to the Magistrate Judge's Reports and Recommendations (ECF Nos. 19, 32, & 42) recommending the Court grant Respondent's Motion to Dismiss the Petition as time-barred. Petitioner does not seek summary judgment on the case as a whole; rather, "petitioner seeks summary judgment in his favor for the sole purpose of having this Court consider his constitutional claims on their merits." (ECF No. 46, PageID 1989). In other words, he seeks to have Respondent's Motion to Dismiss summarily denied so that the Court can consider the merits of his constitutional claims.

The federal habeas corpus remedy was first subjected to a statute of limitations the

Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). The limitations provisions are codified at 28 U.S.C. § 2244(d) as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Millow claims the benefit of § 2244(d)(1)(D). He asserts the one-year statute began to run when the Ohio Supreme Court declined to review denial of his second motion for new trial. The Reports rejected this claim, finding that Millow had not exercised due diligence in discovering the "factual predicate of his claim" – testimony of his nephew that the nephew had been present at the location where the rape offenses had occurred and had not seen his uncle engage in any sexual misconduct.

This finding of lack of due diligence was not based on independent fact finding by the Magistrate Judge, but resulted from deference to a finding to that effect by the Ohio First District Court of Appeals in *State v. Millow*, 2019-Ohio-1751 (1st Dist. May 8, 2019). Another section of the AEDPA – 28 U.S.C. § 2254(e)(1) – requires a federal habeas court to presume a factual

determination by the state courts is correct; the presumption may be overcome only by clear and convincing evidence which the petitioner has the burden of overcoming.

In his instant Motion for Summary Judgment, Millow attempts to reverse that presumption. That is he claims the State of Ohio cannot overcome his assertion he acted with due diligence in discovering his nephew's testimony, i.e., the State has no evidence he did not act diligently. That assertion attempts to reverse the burden of proof, but the statute is clear that the burden of overcoming the presumption of correctness is on the habeas applicant. Millow presents no new evidence at all of diligence during the seventeen years before he filed his nephew's affidavit in the Common Pleas Court. Because the burden of proof is on him to overcome the presumption of correctness, he is not entitled to summary judgment on that issue.

Petitioner's Motion for Summary Judgment should be denied.

January 24, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge