UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Levon Millow[1],

    Petitioner,

v.

Warden, London
Correctional Institution,

    Respondent.

Case No. 1:20-cv-460

Judge Michael R. Barrett

## ORDER

Pending before the Court is the (1) Report and Recommendations entered by the Magistrate Judge on January 19, 2021 (Doc. 19), to which Petitioner Levon Millow objected (Doc. 39), as well as the (2) Supplemental Report and Recommendations entered by the Magistrate Judge on September 30, 2022 (Doc. 42), to which Millow likewise objected (Doc. 45). These R&Rs discuss Respondent's motion to dismiss (Doc. 10) Millow's *pro se* petition[2] on the basis that his claims are time-barred under 28 U.S.C. § 2244(d)(1).

Also pending before the Court—and the subject of this Order—is Millow's motion for summary judgment (Doc. 46) filed pursuant to Fed. R. Civ. P. 56. In an R&R entered on January 24, 2024 (Doc. 47), the Magistrate Judge recommends that said motion be denied. Once again, Millow has filed objections (Doc. 48).

---

[1] Petitioner is an inmate in the custody of the Ohio Department of Rehabilitation and Correction and housed at London Correctional Institution ("LoCI"). *See* Ohio Department of Rehabilitation & Correction, Offender Details, located at
https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A394353 (last visited 07/17/2024). Michael DeMartino is the Acting Warden at LoCI. *See id.*, London Correctional Institution, located at https://drc.ohio.gov/loci (last visited 07/17/2024).

[2] (Doc. 1, "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody").

1

"[A] summary judgment motion is not an appropriate vehicle for assessing the claims in [ ] § 2254 petitions." *Malone v. Lebo*, No. 2:15-cv-02173-SHL-dkv, 2017 WL 11717921, at *1 (W.D. Tenn. Jan. 31, 2017).[3] The federal rules of civil procedure "apply to proceedings for habeas corpus[,]" but only "to the extent that the practice in those proceedings[ ] is not specified in . . . the Rules Governing Section 2254 Cases[.]" *Id.* (quoting Fed. R. Civ. P. 81(a)(4)(A)-(B)). To this end, for example, "Rule 8(a) of the § 2254 Rules authorizes the Court to examine the petition, the answer[4], and the state-court record to determine whether an evidentiary hearing will be required." *Id.* But the Rules "do not contemplate dispositive [summary judgment] motions in habeas actions."

---

[3] Three reasons support this premise:

First, the purpose of a summary judgment motion is to determine whether a case can be disposed of without a trial. Unlike ordinary civil litigation, habeas petitions are routinely decided without a trial. Federal courts are able to conduct evidentiary hearings (which differ in many respects from trials) in § 2254 cases only in extremely limited circumstances. In reviewing a state-court decision under 28 U.S.C. § 2254(d)(1)-(2), a district court ordinarily may consider only the state-court record. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A district court may not hold an evidentiary hearing on a claim that was adjudicated on the merits in state court. *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). Thus, the entire premise of a motion for summary judgment—to determine the existence of factual issues that will require a trial—is foreign to a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Second, habeas cases are not well suited for the statements of undisputed facts that are required for consideration of a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)[.] . . .

Third, a court evaluating a motion for summary judgment must construe the evidence in the light most favorable to the non-moving party. *See, e.g., Deleon v. Kalamazoo Cnty. Road Comm'n*, 739 F.3d 914, 917 (6th Cir. 2014). Here, the non-moving party is Respondent, who is also entitled to the deferential standard of review in 28 U.S.C. § 2254(d). [Petitioner] fails to explain how the standard to for reviewing a motion for summary judgment works in conjunction with § 2254(d).

*Malone v. Lebo*, 2017 WL 11717921, at *2.

[4] The Respondent is not required to answer the petition "unless a judge so orders." Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "**The answer** must address the allegations in the petition. In addition, it **must state whether any claim in the petition is barred by** a failure to exhaust state remedies, a procedural bar, non-retroactivity, or **a statute of limitations**." Rule 5(b) (same) (emphasis added).

*Morrow v. Genovese*, No. 2:22-cv-02125-MSN-tmp, 2023 WL 8892987, at *4 (W.D. Tenn. Dec. 26, 2023) (quoting *Ziolkowski v. Director, TDCJ-CID*, No. 5:17-cv-50, 2019 WL 4580425, at *1 (E.D. Tex. May 13, 2019)).  "[S]uch motions would generally be redundant in light of **the settled procedures for resolving** the merits of **a habeas petition**.  This is especially true where the motion essentially seeks the same relief as that sought in the underlying petition for writ of habeas corpus."  *Id.* (emphasis added).

Here, Millow (in his own words) "seeks summary judgment in his favor for the sole purpose of having this Court consider his constitutional claims on their merits." (Doc. 46 PAGEID 1989).  Said another way, Millow asks the Court to "summarily den[y]" Respondent's motion to dismiss.  (Doc. 47 PAGEID 2006).  To do this, though, would conflict with the standards applicable to 28 U.S.C. § 2254, which codifies the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  "Where Rule 56 conflicts with the standards applicable under the AEDPA, the AEDPA trumps Rule 56."  *Walker v. Marquis*, No. 1:18CV0806, 2019 WL 2282105, at *1 (N.D. Ohio Jan. 28, 2019) (quoting *Dellinger v. Mays*, No. 3:09CV104, 2018 WL 4102241, at *5 (E.D. Tenn. Aug. 28, 2018)).

The Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's January 24, 2024 Report and Recommendations (Doc. 47).  Millow's objections (Doc. 48) to the Magistrate Judge's "conclusory" statements within—statements that manifest a correct understanding of federal habeas corpus law—are **OVERRULED**.  Petitioner Levon Millow's motion for summary judgment (Doc. 46) is, therefore, **DENIED**.

    **IT IS SO ORDERED**.

                                                          /s/ *Michael R. Barrett*
                                                          JUDGE MICHAEL R. BARRETT