UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Levon Millow[1],

    Petitioner,

v.

Warden, London
Correctional Institution,

    Respondent.

Case No. 1:20-cv-460

Judge Michael R. Barrett

# ORDER

Pending before the Court is the (1) Report and Recommendations entered by the Magistrate Judge on January 19, 2021 (Doc. 19), to which Petitioner Levon Millow objected (Doc. 39), as well as the (2) Supplemental Report and Recommendations entered by the Magistrate Judge on September 30, 2022 (Doc. 42), to which Millow likewise objected (Doc. 45). These R&Rs discuss Respondent Warden's motion to dismiss (Doc. 10) Millow's *pro se* petition[2] on the basis that his claims are time-barred under 28 U.S.C. § 2244(d)(1).

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly

---

[1] Petitioner is an inmate in the custody of the Ohio Department of Rehabilitation and Correction and housed at London Correctional Institution ("LoCI"). *See* Ohio Department of Rehabilitation & Correction, Offender Details, located at
https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A394353 (last visited 07/26/2024). Michael DeMartino is the Acting Warden at LoCI. *See id.*, London Correctional Institution, located at https://drc.ohio.gov/loci (last visited 07/26/2024).

[2] (Doc. 1, "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody").

1

objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). The Court has engaged in a de novo review, which is set forth below.

## II. BACKGROUND

Levon Millow was convicted of three counts of rape (in violation of Ohio Rev. Code § 2907.02(A)(1)(b)) and one count of gross sexual imposition (in violation of Ohio Rev. Code § 2907.05(A)(1)). He was sentenced to three consecutive life terms on the rape charges and 18 months on the gross sexual imposition charge. Under 28 U.S.C. § 2244(d)(1)(A), Millow was required to file a petition for a writ of habeas corpus in federal court on or before January 9, 2003. Instead, he did not file one until June 6, 2020 (*see* Doc. 1)[3], more than 17 years later. (Doc. 19 PAGEID 1871).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases (in the United States District Courts), Magistrate Judge Karen L. Litkovitz ordered Respondent to file an answer conforming to the requirements of Rule 5[4] of said Rules. (Doc. 3). The Warden complied and moved to dismiss the petition (Doc. 10) on the basis that Millow's claims were time-barred. Millow filed both a reply/traverse[5] (Doc. 13) as well as a response in opposition

---

[3] As noted by the Magistrate Judge, the filing date for documents from incarcerated persons is the date of deposit in the prison mail system. (Doc. 19 PAGEID 1871). *See Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

[4] "The answer must address the allegations in the petition. In addition, it must **state** whether any **claim** in the petition **is barred** by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or **a statute of limitations**." Rule 5(b) of the Rules Governing § 2254 Cases (emphasis added).

[5] "The petitioner may file a **reply** to the respondent's answer or other pleading." Rule 5(e) (same) (emphasis added). The term "traverse" reflects traditional habeas corpus practice, but "reply" is the proper title.

(Doc. 14) to the Warden's motion to dismiss.

On January 19, 2021, Magistrate Judge Michael R. Merz[6] issued a Report and Recommendations with regard to the motion to dismiss. (Doc. 19). Magistrate Judge Merz concluded that Millow had not satisfied the "actual innocence" exception to the statute of limitations set forth in 28 U.S.C. § 2244(d)(1); he therefore recommended that the Warden's motion to dismiss be granted and Millow's petition be dismissed with prejudice as time-barred. (*Id*. PAGEID 1878). He also recommended that Millow be denied a certificate of appealability. (*Id.*). Millow timely filed objections (Doc. 39)[7] and the undersigned recommitted the matter to the Magistrate Judge for further analysis (Doc. 41). On September 30, 2022, Magistrate Judge Merz issued a Supplemental Report and Recommendations. (Doc. 42). He "adhere[d] to his prior position[ that] merits consideration of [Millow's] Petition is barred by the statute of limitations[,]" and again recommended that it be dismissed with prejudice. (*Id.* PAGEID 1968). The Magistrate Judge also renewed his recommendation that Millow be denied a certificate of appealability. (*Id.* PAGEID 1968–69). Millow again timely filed objections. (Doc. 48).[8]

### III. DISCUSSION

**January 19, 2021 R&R (Doc. 19).** The Magistrate Judge considered, and rejected, both of Millow's arguments in favor of timeliness.

Millow first argued that his petition was filed within one year of the Ohio Supreme Court's entry (on August 6, 2019) declining to exercise appellate jurisdiction over the First

---

[6] On January 5, 2021, Millow's petition was transferred to the docket of Magistrate Judge Merz to help balance the magistrate judge workload in the Southern District. (Doc. 16 & Doc. 19 PAGEID 1869).

[7] (*See* Doc. 36).

[8] (*See* Docs. 43, 44).

District Court of Appeals decision (on May 8, 2019) that upheld the denial (on April 3, 2018) of Millow's motion for a new trial.[9] But this argument was "unavailing[, because, w]hile a motion for new trial can be a collateral attack on a criminal judgment which **tolls** the statute of limitations under § 2244(d)(2)[10], it does not **re-start** the limitations period if the statute has already expired." (Doc. 19 PAGEID 1871 (citing *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (emphasis added)).[11]

Millow principally argues "an actual-innocence gateway claim," which, as the Magistrate Judge explained, is measured against the standard set forth in *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013). (Doc. 19 PAGEID 1871–78). There the Supreme Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup*[*v. Delo*] and *House*[*v. Bell*], or, as in this case, expiration of the statute of limitations. We caution, however, that **tenable actual-innocence gateway pleas are rare**: "[A] petitioner does not meet the **threshold requirement** unless he persuades the district court that, **in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt**." *Schlup*, 513 U.S.[ 298,]329, 115 S.Ct. 851 [(1995)]; *see House*, 547 U.S.[ 518,]538, 126 S.Ct. 2064 [(2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

---

[9] (*See* Doc. 9-1, State Court Record, Exhibits 85, 90, 92).

[10] "The time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending **shall not be counted toward** any period of limitation[.]" 28 U.S.C. § 2244(d)(2) (emphasis added).

[11] *See Dowdy v. Jackson*, No. 20-2177, 2021 WL 2229820, at *2 (6th Cir. May 6, 2021) (state post-conviction motion—assuming it was "properly filed"—had no tolling effect under § 2244(d)(2) if §2244(d)(1)'s one-year limitations period had already expired) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (tolling provision can only serve "to pause a clock that has not yet fully run[ ]")).

> . . . .
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count **unjustifiable delay** on a habeas petitioner's part, **not** as **an absolute barrier to relief**, but as **a factor in determining whether actual innocence has been reliably shown**.

*McQuiggin*, 569 U.S. at 386–87 (emphasis added). The Supreme Court has noted that "'[A]ctual innocence' means **factual** innocence, **not** mere **legal insufficiency**." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (emphasis added). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with **new reliable evidence**—whether it be exculpatory scientific evidence, **trustworthy eyewitness accounts,** or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup*, 513 U.S. at 324)) (emphasis added).

The Magistrate Judge detailed why the evidence on which Millow relies falls short. (Doc. 19 PAGEID 1873–78). As background, Millow's victim testified at trial (when she was seven years old) to four separate instances of sexual assault at two different residences, with the first occurring on 12th Street when her "sister<u>s</u>" were at home. In support of his motion for a new trial[12] filed with the Hamilton County, Ohio Court of Common Pleas (on March 27, 201<u>8</u>), Millow "recycled" the same argument he presented in an unsuccessful post-trial motion filed in 200<u>7</u>, featuring the birth records (confirming a hospital discharge on July 9, 1999 @ 2:47 PM) for his infant daughter, Leah. This

---

[12] "Motions for new trial on account of **newly discovered evidence** shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by **clear and convincing proof** that the **defendant was unavoidably prevented from the discovery of the evidence** upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Ohio Crim.R. 33(B) (emphasis added).

matters, because before Leah's birth, the victim had only one sister. And he added an affidavit from his nephew, Gregory, stating that, on July 9, 1999, also the date the family moved from 12th Street to Beekman Street, Gregory witnessed "no visible signs of inappropriate misconduct[]" by Millow. The state trial court denied Millow's motion, and the First District Court of Appeals affirmed this decision:

> Simply incanting "newly discovered evidence," however, does not satisfy the test. **We think it is fair to say that Mr. Millow was aware of his youngest daughter's 1999 birth at the time of trial.** With that knowledge, he should have appreciated the significance of the phrase "sisters" at the time of trial and could have sought to offer exculpatory evidence either at the time or within the windows provided by Crim.R. 33. There is no reason why this evidence could not have been presented earlier—indeed, Mr. Millow already tried once before to present evidence about the timing of his youngest daughter's birth. **Nor does he convincingly explain why he could not have presented evidence by his nephew (or others present on July 9) prior to now.** And even if we could excuse the 17-year delay in tracking down the nephew, his testimony does not absolve Mr. Millow of anything. At best, he provides that during a few-hour window, the nephew did not observe anything amiss.

(*See* Doc. 9-1, State Court Record, Exhibit 90 PAGEID 967 (¶ 10) (footnote omitted) (emphasis added)).[13] Within the appellate decision, the Magistrate Judge pinpointed two determinations of fact by the First District (in bold above) that "shall be presumed to be correct." *See* 28 U.S.C. § 2254(e)(1). In turn, Millow, as petitioner, "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* In the Magistrate Judge's view, Millow does not meet this burden as to either determination.[14]

---

[13] *State v. Millow*, No. C-180259, 2019 WL 2027215, at *2 (¶ 10) (Ohio Ct. App. 1st Dist. May 8, 2019).

[14] "Whether or not we credit Millow's trial testimony that he did not remember Leah's birth date at that time, **he certainly did know that she had been born**. As the First District concluded, if he did not know the exact date at the time of trial and it became crucial in his mind because [o]f the victim's use of the word "sisters," he could surely have learned of the exact date very easily. Indeed, as the First District found, he had already presented this discrepancy in the victim's testimony when he filed his first motion for new trial in 2007." (Doc. 19 PAGEID 1876 (emphasis added)). As to the delay in presenting his

6

Both, then, are entitled to deference by this federal court. "As found by the First District, [Millow] has not shown that he pursued his new evidence with due diligence [to satisfy the *Schlup* standard]." (Doc. 19 PAGEID 1877). Nor is Gregory's purported eyewitness account "trustworthy" as *Schlup* requires:

> It must first be discounted by its extreme distance in time from the events reported. Second, it must be discounted by Gregory's interest in the outcome, being a member of Millow's family (and not blood-related to the victim who is not Millow's biological daughter). And finally the value of the Affidavit must be discounted by the incompleteness of Gregory's observations. As the First District found, "[Gregory's] testimony does not absolve Mr. Millow of anything. At best, he provides that during a few-hour window, the nephew did not observe anything amiss."

(*Id.* PAGEID 1877–78 (quoting Doc. 9-1, State Court Record, Exhibit 90 PAGEID 967–68 (¶ 10)[15])).

In sum, the Magistrate Judge "[wa]s not persuaded that a reasonable juror, having heard the testimony at trial plus Gregory Millow's testimony, could not have convicted [Millow] beyond a reasonable doubt." (*Id.* PAGEID 1878 (applying *McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 329)). Thus, Millow "has not satisfied the actual innocence exception to the statute of limitations," such that Respondent's motion to dismiss should be granted. (*Id.*).

Millow filed timely objections, claiming that Magistrate Judge's gateway analysis was "inadequate" because he "wholly failed to consider [all] four (4) pieces of the Petitioner's new evidence." (Doc. 39 PAGEID 1950). In addition to Leah's hospital

---

nephew's testimony, and Millow's stance that "that information could only be obtained through rigorous direct and cross-examination of the nephew himself[,]" Magistrate Judge Merz observes, "The nephew is Millow's substantive witness; he and his family members, particularly his sister, are participants in and witnesses to the efforts made to locate the nephew, but Millow offers nothing from any of them to this Court to rebut the First District's conclusion." (*Id.* (quoting Doc. 14 PAGEID 1837)).

[15] *Millow*, 2019 WL 2027215, at *2 (¶ 10).

7

(discharge) records ("THIRD NEW EVIDENCE") and Gregory's affidavit ("SECOND NEW EVIDENCE"), the Magistrate Judge failed to analyze the victim's "confession" of jealousy ("FIRST NEW EVIDENCE") as well as the impact of the kitchen fire at 12th Street that forced the "emergency evacuation" to Beekman Street ("FOURTH NEW EVIDENCE"). (*Id.* PAGEID 1950–51 (capitalization in original)). According to Millow, "[h]ad the magistrate judge considered the first, second, third and fourth new evidence COLLECTIVELY, this Court should agree it would have made a truly persuasive demonstration of actual innocence." (*Id.* PAGEID 1951 (same)).

**September 30, 2022 Supplemental R&R (Doc. 42).** As noted, in the wake of Millow's objections to the January 19, 2021 R&R, the undersigned recommitted the matter to Magistrate Judge Merz for further analysis (Doc. 41). He then issued a Supplemental R&R on September 30, 2022, in which he explains that the additional evidence ("FIRST" & "FOURTH") to which Millow refers was evidence already presented at trial. (Doc. 42 PAGEID 1967–68). That being the case, it is not "new". *See Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) ("While the Supreme Court has not explicitly defined what evidence counts as 'new,' this court has held that evidence is 'new' for the purposes of the actual-innocence inquiry so long as it was not presented at trial.") (citations omitted).

Millow also objects to the Magistrate Judge's "finding" that he did not exercise due diligence in discovering Gregory's testimony. (Doc. 39 PAGEID 1953). Not so, says the Magistrate Judge. (Doc. 42 PAGEID 1968). "Instead the Report concluded Millow had not rebutted **the First District's finding** of lack of due diligence by clear and convincing

8

evidence." (*Id.* (citing Doc. 19 PAGEID 1877) (emphasis added) (applying 28 U.S.C. § 2254(e)(1))).

**Millow's Objections to the Supplemental R&R (Doc. 45).** Millow asserts that the Magistrate Judge applied the "incorrect standard" to determine timeliness. (Doc. 45 PAGEID 1974–77). He reprises his argument that his petition was filed within one year of the (August 2019) Ohio Supreme Court's entry declining to exercise appellate jurisdiction over lower court decisions rejecting his (April 2018) motion for a new trial. The Magistrate Judge explained in his *initial* R&R that, under 28 U.S.C. § 2244(d)(2), a motion for new trial can toll—but not re-start—the period of limitation. (*See supra* pp. 3–4). Millow did not object to this (well-reasoned) finding in his objections to the initial R&R[16]; thus, he has forfeited his right to do so now. *See Berkshire v. Dahl*, 920 F.3d 520, 530 (6th Cir. 2019).

Millow otherwise delineates five "findings" by the Magistrate Judge that he labels as "clear error and contrary to law." (Doc. 45 PAGEID 1977–86). The first two deal with Gregory's affidavit. He takes issue with the Magistrate Judge characterizing Gregory's affidavit as "self-serving" and uncorroborated" and (purportedly) rejecting it on this basis. (*Id.* at PAGEID 1977 (citing *United States v. Stein*, 881 F.3d 853, 858–59 (11th Cir. 2018) ("A non-conclusory affidavit which complies with Rule 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated."))). And, as to due diligence, "the State failed to submit counter affidavits or any evidence to

---

[16] (*See* Doc. 39 PAGEID 1950–57).

discredit Gregory's affidavit/statements." (Id. PAGEID 1978–79 (citing Fed. R. Civ. P. 56(e)(2))). The prescriptions of Rule 56, however, do not control here:

> Courts have recognized that while Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with § 2254 or the habeas rules[17], *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Accordingly, where the standards of Rule 56 conflict with the standards applicable under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, **AEDPA trumps Rule 56.** *Gentry v. Sinclair*, 576 F. Supp. 2d 1130 (W.D. Wash. 2008) (**Rule 56 doctrine that all evidence must be construed in the light most favorable to the party opposing summary judgment conflicts with, and is trumped by § 2254(e)(1), which mandates that findings of fact made by a state court are 'presumed to be correct.'**).

*Dellinger v. Mays*, No. 3:09-CV-104-TAV-DCP, 2018 WL 4102241, at *5 (E.D. Tenn. Aug. 28, 2018) (emphasis added). *See Dilts v. Brown*, No. 1:13-cv-907, 2021 WL 4891547, at *4 (W.D. Mich. Oct. 20, 2021) (citing *Dellinger*, "Rule 56 and AEPDA standards are not congruent."); *Walker v. Marquis*, No. 1:18CV0806, 2019 WL 2282105, at *1 (N.D. Ohio Jan. 28, 2019) (citing *Dellinger*, "Where Rule 56 conflicts with the standards applicable under the AEDPA, the AEDPA trumps Rule 56."). *See also* (Doc. 49). "On a motion for summary judgment, the moving party bears the burden of showing the absence of a genuine issue of material fact." *Dilts*, 2018 WL 4891547, at *4 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"

---

[17] "The Federal Rules of Civil Procedure, **to the extent that they are not inconsistent with any statutory provisions** or these rules, may be applied to a proceeding under these rules." Rule 12 of the Rules Governing § 2254 Cases (emphasis added).

*Id.* (citing *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))). "In contrast, Section 2254(e)(1) alters this rule by presuming state-court factual findings to be correct unless rebutted by clear and convincing evidence. Hence, 'due to the statutory presumption of correctness, the petitioner faces a comparatively higher burden in establishing the genuineness (or hearing worthiness) of contested facts.'" *Id.* (quoting *Hauck v. Mills*, 941 F. Supp. 683, 687 (M.D. Tenn. 1996) (citing *Sumner v. Mata*, 449 U.S. 539, 547 (1981))).

Millow's third objection faults the Magistrate Judge for finding that he did not rebut the First District's (fact) determination that, "We think it is fair to say that Mr. Millow was aware of his youngest daughter's 1999 birth at the time of trial." (Doc. 45 PAGEID 1979–83). Millow contends that the First District's factual finding "is objectively unreasonable because [he] utilized his daughter's hospital records for the sole purpose of her [Discharge Date], not date of birth." (*Id.* PAGEID 1980). Again, Millow ignores § 2254(e)(1)'s standard. At issue is not whether the First District's finding is "reasonable" or "fairly probable"; it is, for purposes of habeas corpus, (presumed) *correct*.[18]

Drawing on 28 U.S.C. § 2254(d)(1), Millow's fourth objection complains that the Magistrate Judge "unreasonably applied" *Schlup* to his "new" evidence. This mixes apples and oranges. Section 2254(d)(1) allows a federal court to grant an application for a writ of habeas corpus if *a State court adjudication* "resulted in a decision that was

---

[18] *Majors v. Warden, San Quentin State Prison*, No. 2:99-cv-00493 MCE KJN, 2016 WL 8731120 (E.D. Calif. May 27, 2016), cited by Millow, (Doc. 45 PAGEID 1983), examines the standard under § 2254(d), not § 2254(e)(1). It is, therefore, inapposite.

contrary to, or involved **an unreasonable application** of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" (Emphasis added). It does not pertain to "proposed findings and recommendations" by a magistrate judge under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3).

"Schlup makes plain that the habeas court must consider "'all the evidence,'" old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under "rules of admissibility that would govern at trial." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327–28 (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L. Rev. 142, 160 (1970))). Millow's last objection claims that the Magistrate Judge didn't specifically factor in the victim's "confession" of jealousy—which Millow now concedes is old[19] evidence—in his gateway analysis. (Doc. 45 PAGEID 1985–86).

"Of course," the Magistrate Judge acknowledges, "the new evidence must be considered with the evidence the jury already considered **to determine if no rational juror would vote to convict**." (Doc. 42 PAGEID 1967 (emphasis added)). Said another way, the *Schlup* "probabilistic" standard requires a "holistic" judgment about "all" the evidence. *See House*, 547 U.S. at 538, 539. But here that task is undertaken by the Court mindful of the statutory presumption of correctness owed to the First District's factual determinations that Millow did not pursue his "new" evidence (the testimony of Gregory or other family members) with due diligence *and* that said testimony "does not

---

[19] *Cf.* (Doc. 45 PAGEID 1985–86) *with* (Doc. 39 PAGEID 1950).

absolve Mr. Millow of anything."[20] That the victim (may have) testified she was "jealous" of her little sisters has no bearing on the First District's assessment of Gregory's testimony.

## IV. CONCLUSION

Having conducted a de novo review, the Court **ACCEPTS** and **ADOPTS** both the Magistrate Judge's January 19, 2021 Report and Recommendations (Doc. 19) and his September 22, 2022 Supplemental Report and Recommendations (Doc. 42) and **OVERRULES** any objections (Docs. 39, 45) thereto. Thus, Respondent Warden's motion to dismiss (Doc. 10) is hereby **GRANTED** and the Petition Under § 2254 for a Writ of Habeas Corpus by Levon Miller (Doc. 1) is **DISMISSED WITH PREJUDICE** as time-barred. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability. The Court **CERTIFIES** that any appeal to the United States Court of Appeals for the Sixth Circuit would be objectively frivolous and, consequently, Petitioner is **DENIED** leave to appeal in forma pauperis.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

---

[20] Citing *Schlup* and *House*, the Sixth Circuit recognizes that the distinction between *impeachment* and *exonerating* evidence "undergirds" the Supreme Court's landmark equitable-exception cases. *Hubbard*, 98 F.4th at 743.